UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATHERINE M. GARRETT,

    Plaintiff,

-vs-

TRANS UNION LLC,

    Defendants.

CASE NO.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, KATHERINE M. GARRETT (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendant, TRANS UNION LLC (hereinafter "Trans Union"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**PRELIMINARY STATEMENT**

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively the "CRAs").

1

3. Consumer reporting agencies that create consumer reports, like Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Orange County, Florida; the violations described in this Complaint occurred in this District; and Trans Union transacts business within this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Trans Union is a corporation headquartered in the State of Illinois, authorized to conduct business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

13. Plaintiff had a credit account from non-party, Vystar Credit Union (hereinafter "Vystar"), for an auto loan, partial account number 510710****** (hereinafter "Vystar Account").

14. Plaintiff made timely payments throughout the history of the loan.

15. On or about June 6, 2023, Plaintiff's vehicle was totaled in an accident.

16. Plaintiff had full coverage insurance through non-party, State Farm Mutual Auto Insurance Company (hereinafter "State Farm"), as well as gap coverage through non-party, Assurant.

17. On or about July 25, 2023, State Farm issued a payoff to Vystar in the amount of $31,862.65.

18. On or about August 14, 2023, Plaintiff received correspondence from Vystar which stated it received the payoff check from State Farm, and despite Plaintiff having gap coverage from Assurant, stated there was a balance remaining of $2,161.09.

19. Shortly thereafter, Plaintiff contacted Vystar, State Farm, and Assurant to get the remaining balance of $2,161.09 paid off since it should be paid by the gap coverage.

20. On that same day, August 14, 2023, Plaintiff obtained a copy of her Trans Union credit report. Upon review, Plaintiff observed the Vystar Account was reported as 30 days past due with a balance of $34,023.

21. In response to the inaccurate reporting, on or about August 25, 2023, Plaintiff mailed a detailed written dispute letter to Trans Union. In the dispute letter, Plaintiff explained that the Vystar Account should be listed as having a balance of $2,161.09 with a status of pays as agreed. To confirm her identity, copies of her driver's license and social security card were included. Also, in this letter, Plaintiff

provided images of the erroneous credit reporting, images from her insurer illustrating that a payoff check was sent, and a copy of the letter from Vystar as to the outstanding balance.

22. Plaintiff mailed her detailed dispute letter to Trans Union via USPS Certified Mail, tracking number 9589 0710 5270 0764 6523 68.

23. Despite confirmation of delivery on August 28, 2023, Plaintiff did not receive dispute results in the mail from Trans Union.

24. Trans Union failed to do any independent investigation into Plaintiff's dispute.

25. On or about September 20, 2023, Plaintiff obtained an updated copy of her Trans Union credit report. Plaintiff was relieved to observe that Trans Union now reported the Vystar Account with a balance of $2,161. However, Trans Union continued to report an inaccurate pay status of 60 days past due.

26. Due to the continued inaccurate reporting, on or about September 29, 2023, Plaintiff mailed a second detailed written dispute letter to Trans Union. In the dispute letter, Plaintiff explained again that the Vystar Account should be listed with a status of pays as agreed. To confirm her identity, images of her driver's license and social security card were included. Also, in this letter, Plaintiff provided images of the erroneous credit reporting, images from her insurer illustrating that a payoff

check was sent, a copy of the letter from Vystar as to the outstanding balance, and a copy of the cashed GAP claim check.

27. Plaintiff mailed her detailed dispute letter to Trans Union via USPS Certified Mail, tracking number 9589 0710 5270 0764 6453 46.

28. On or about October 12, 2023, Trans Union responded to Plaintiff's detailed dispute letter by stating the Vystar Account was verified as accurate and updated to reflect a status of 90 days past due and a balance of $2,161 with $1,922 as past due.

29. Despite providing Trans Union with all the relevant information, Trans Union continued to report the inaccurate pay status of the Vystar Account.

30. Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher, Vystar.

31. Trans Union never attempted to contact Plaintiff during the alleged investigation.

32. Due to the continued inaccurate reporting, on or about October 25, 2023, Plaintiff mailed a third written dispute letter to Trans Union. Plaintiff reiterated that the Vystar Account should be listed as pays as agreed. To confirm her identity, images of her driver's license and social security card were included. Also, in this letter, Plaintiff provided images of the erroneous credit reporting, images from her

insurer illustrating that a payoff check was sent, a copy of the letter from Vystar as to the outstanding balance, and a copy of the cashed GAP claim check.

33. Plaintiff mailed her detailed dispute letter to Trans Union via USPS Certified Mail, tracking number 9589 0710 5270 0764 6761 97.

34. Despite confirmation of delivery on October 30, 2023, Plaintiff did not receive dispute results in the mail from Trans Union.

35. Trans Union failed to do any independent investigation into Plaintiff's dispute.

36. Upon information and belief, Trans Union continued to report Plaintiff's pay status as delinquent.

37. As such on February 22, 2024, Plaintiff mailed out another dispute letter to Trans Union. Plaintiff again informed them that the Vystar Account should be listed as pays as agreed. To confirm her identity, images of her driver's license and social security card were included. Also, in this letter, Plaintiff provided images of the erroneous credit reporting, images from her insurer illustrating that a payoff check was sent, a copy of the letter from Vystar as to the outstanding balance, and a copy of the cashed GAP claim check.

38. Plaintiff mailed her detailed dispute letter to Trans Union via USPS Certified Mail, tracking number 9589 0710 5270 0428 4097 72.

39. As of the filing of this Complaint, Trans Union continues to report negative and inaccurate information on Plaintiff's credit report regarding the Vystar Account, and Plaintiff's damages are on-going.

40. Trans Union has never attempted to contact Plaintiff about her disputes, and she continues to suffer as of the filing of the Complaint with Trans Union's refusal to conduct a meaningful and thorough investigation into her disputes as it is required to by law or otherwise make her credit file accurate.

41. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

   ii. Loss of time attempting to cure the errors;

   iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Trans Union's actions and/or inactions;

   iv. Reduction in credit score;

   v. Loss of the benefit of lower interest rates; and

   vi. Apprehensiveness to apply for credit due to the fear of rejection.

## COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

42. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

43. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

44. Trans Union allowed for a Furnisher to report inaccurate information on an account.

45. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

46. As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

47. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

48. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, KATHERINE M. GARRETT, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)

49. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

50. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

51. Trans Union allowed for a Furnisher to report inaccurate information on an account.

52. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

53. As a result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

54. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

55. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, KATHERINE M. GARRETT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

56. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

57. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete and/or correct inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, (4) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (5) relying upon verification from a source it has to know is unreliable.

58. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

59. As a direct result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

60. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

61. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, KATHERINE M. GARRETT, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violation of 15 U.S.C. § 1681i as to Defendant, Trans Union LLC (Willful)

62. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-one (41) above as if fully stated herein.

63. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete and/or correct inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in

Plaintiff's credit file, (4) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (5) relying upon verification from a source it has to know is unreliable.

64. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

65. As a direct result of this conduct, action, and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit; and the damages otherwise outlined in this Complaint.

66. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

67. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, KATHERINE M. GARRETT, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KATHERINE M. GARRET, respectfully requests judgment for actual, statutory, compensatory, and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 25th day of February 2024.

Respectfully submitted,

/s/ *Christopher Legg*
Christopher W. Legg, Esq.
Florida Bar #: 0044460
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Office: 813-299-8537
Facsimile: 844-951-3933
Primary Email:
Chris@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

/s/ *Octavio Gomez*

15

Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

***/s/ Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*